

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1218-08, PD-1219-08, PD-1220-08, and PD-1221-08

## FRANK TRINIDAD AND JOHNNY ADAMS, JR., Appellants

### v.

## THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## ATASCOSA AND WILSON COUNTIES

**JOHNSON, J.,** filed a concurring opinion.

### C O N C U R R I N G   O P I N I O N

These cases are before the Court because of a missing piece in the statutory amendments to Article 33.011(b); what is the trial judge to do with the retained alternate jurors? The trial judge in this case apparently considered judicial economy and decided to have the alternate juror retire with the "real" jurors; if a juror became disabled after deliberations began and the alternate juror was not privy to the discussions up to that point, the jury would have to begin again so as to acquaint the alternate juror with the current status of the discussions. The later in deliberations that the disability

of a juror occurred, the longer the catching-up would take.

An equally valid argument could be made that an alternate juror should remain outside of the jury room during deliberations unless, and until, a juror became disabled. The disability of a juror is an uncommon event, and having the alternate juror remain outside would avoid just the situation we address here.

In any event, we are left to discern, if we can, what the legislature intended. More concise language about what to do with the retained alternate juror would be most helpful.

I concur in the judgment of the Court.


Filed: June 9, 2010
Publish